## ABRAM BUFORD v. W. R. CAMERON.

**Customs and Usages—Effect on Written Contract.**

The custom of horsemen can not control a written contract relating to a stallion, or change its legal effect, especially when one of the parties notified the other that the custom formed no part of the contract.

### APPEAL FROM WOODFORD CIRCUIT COURT.

June 11, 1873.

OPINION BY JUDGE PRYOR:

The rights of the parties to this controversy should be determined by the stipulations of the written contract between them. It is expressly stated in this agreement that if the horse Lexington sexes a less number of mares than forty (or the number mentioned in the writing) Buford is to have one thousand dollars for his trouble and expense in keeping the horse during the season, and on his part guarantees to Cameron the price of season for each and every mare sexed by the horse and is individually responsible to said Cameron for the same.

The custom of the horsemen in Kentucky can not control the terms of this writing or change its legal effect and particularly when the appellant was notified by Cameron that this custom formed no part of the contract and would not be sanctioned by him. The right of the owners of mares to breed back in the event they proved not to be in foal was given by Buford himself and in opposition to the avowed disapproval by Cameron before the season commenced. The letter written by appellant to the appellee in which he attempts to convince him of the necessity of changing his mind with reference to this matter and requesting a response is not deemed sufficient to show an acquiescence on the part of the appellee in the action of the appellant as to the terms of breeding, etc., and particularly when appellant had been notified both by telegraphic dispatch and letter that appellee would not submit to such terms. We have considered the evidence carefully upon the questions made on both the original and cross-appeal and in our opinion the judgment of the court below

gives to each of the litigants the sums of money they were entitled to receive in a settlement of their accounts.

This judgment is therefore *affirmed* on both the original and cross-appeal.

*Breckenridge, for appellant.*

*Buckner, Kinkead, Buckner, for appellee.*